and the purpose for which the lessee agreed to use them exclusively, was made illegal, a situation was created analogous to the happening of a condition subsequent, whereby, within the intention of both parties when the lease was made, it may fairly be said that the entire instrument was to be defeated.

I concur in the reversal of the judgment.

(140 App. Div. 810.)

HAMMOND v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Third Department. November 16, 1910.)

1. NEW TRIAL (§ 140*)—PROCEEDINGS—SUFFICIENCY OF EVIDENCE.

Evidence taken on a motion to vacate a verdict for plaintiff, on the ground that it was rendered by reason of false testimony procured by the conspiracy of plaintiff's counsel with the witness, *held* to negative such misconduct by plaintiff's counsel.

[Ed. Note.—For other cases, see New Trial, Dec. Dig. § 140.*]

2. MASTER AND SERVANT (§ 150*)—NEGLIGENCE—WARNING SERVANT OF DANGER.

To impose the duty on a train crew to flag a train on another track for the protection of employés on such other train, they must have had reasonable time to ascertain that the other track was obstructed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 299–301; Dec. Dig. § 150.*]

3. NEW TRIAL (§ 72*)—GROUNDS—SUFFICIENCY OF EVIDENCE.

Where the evidence on the controlling question supported defendant's contention, except that of a witness who had thoroughly discredited himself by contradictory testimony, the trial court properly set aside a verdict for plaintiff.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

Appeal from Special Term, Chemung County.

Action by Elizabeth B. J. Hammond, as administratrix of the estate of Wordon F. Hammond, deceased, against the Delaware, Lackawanna & Western Railroad Company. From an order setting aside a judgment for plaintiff and granting a new trial for newly discovered evidence, and from an order granting a motion for a new trial made upon the minutes, and from an order denying a motion to vacate such other orders, plaintiff appeals. Affirmed.

The action was brought to recover damages for the death of the plaintiff's intestate, who was an engineer in the employ of the defendant, and was killed by a collision on the defendant's road near Fargo, Genesee county, N. Y., November 8, 1907. The plaintiff recovered a verdict of $16,000 May 5, 1909. Thereupon the defendant moved, on the minutes of the justice presiding, to set aside the verdict and for a new trial upon the exceptions taken by the defendant and on all the grounds mentioned in section 999 of the Code of Civil Procedure. Before the argument of this motion, the defendant's attorney moved at Special Term to vacate the judgment that had been entered, and to set aside the verdict because of newly discovered evidence showing that one John Scott, Jr., a witness for the plaintiff, upon whose testimony the judgment was obtained, had testified falsely upon the trial, and that the judgment was obtained by means of a conspiracy between the witness and the plaintiff's attorney. Upon the motion defendant read an affidavit made by Scott to the effect that he had testified falsely upon the trial.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that before the trial he went to the office of Charles H. Knipp, plaintiff's attorney, and that Knipp said to him in the presence of George M. Albot and Frank Keith "that, in case of a favorable verdict for plaintiff, deponent would be well paid for his services and testimony, and said Knipp promised deponent $65 or $75 for every $5,000 of plaintiff's verdict."

In opposition to the application, the plaintiff filed the affidavits of Knipp, Albot, Keith, and the affidavit of David C. Robinson, each of whom denied the statement of Scott as to what had occurred between him and Knipp at the time it was claimed the agreement was made, and that the verdict and judgment were obtained by means of a conspiracy or a fraud upon the court.

After hearing the parties, the motion was granted, and an order entered to that effect. It appears by the affidavit of the plaintiff's attorney that, after the receipt of a copy of this order, he wrote to the presiding justice, saying that, as the order "makes no mention of the motion for a new trial on the minutes of the justice which was argued before you at the same time, I assume that that motion was denied. Kindly let me know if I am right about this." To this the justice replied, October 29, 1909, saying that a motion for a new trial upon the minutes was made at the close of the trial; that before the minutes or briefs were furnished a motion for a new trial was made upon the ground of newly discovered evidence and misconduct of counsel; that he did not think that it was the intention of the counsel for the respective parties to submit the motion for a new trial upon the minutes: that he saw no reason for a decision of the prior motion. "However, if you wish that motion decided, I will make an order in it." October 30, 1909, plaintiff's counsel wrote that it was the understanding between the attorneys that the motion for a new trial on the minutes should be and was argued at the same time as the other motion, "and I believe an order should be made in that motion. Will you kindly make such order as in your opinion is right and proper." In pursuance of this request, an order was made and entered granting the motion.

In February, 1910, the plaintiff moved upon affidavits to vacate and set aside the orders of October 27th and November 9th, and the motion was denied. Upon this motion plaintiff's attorney read an affidavit made by Scott to the effect that the evidence given by him on the trial was true; that plaintiff's attorney did not promise or agree to pay deponent $65 or $75 for every $5,000 of the plaintiff's verdict or any other sum; and that he was induced to sign the affidavit containing such a statement by the threats and intimidation of a detective in the employ of the defendant.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, and SEWELL, JJ.

Charles H. Knipp (D. C. Robinson, of counsel), for appellant.

Reynolds, Stanchfield & Collin (Halsey Sayles, of counsel), for respondent.

SMITH, P. J. These orders cannot be sustained upon the ground of misconduct of counsel. The agreement claimed by Scott to be made with the plaintiff's attorney was an improbable agreement, considering the fact that he was swearing, not to the extent of the injuries, but to a fact going to liability alone. In a later affidavit Scott withdraws these charges, and the record shows him wholly unworthy of belief. If the good name of an attorney were to be put in question by such evidence, the reputation of those standing highest in the profession would be very precarious.

Nevertheless we think there was good cause shown for the granting of a new trial. The negligence claimed was in the failure of those in charge of the disabled train to flag a train coming upon the other track. Before that duty rested with those in charge of the disabled

train, they must have had reasonable time to have ascertained that the other track was obstructed, because the nature of the stoppage would itself have given them no such information.  After having acquired this information, it would then have been their duty to protect trains coming upon the other track.  The crucial question, therefore, was as to how much time had elapsed since the stoppage of the disabled train and the approach of the train which bore the plaintiff's· intestate. The evidence was to the effect that it was a very few minutes, except the evidence of this man Scott, and Scott himself had theretofore made an affidavit contradicting the evidence then given upon the trial. Inasmuch, therefore, as the plaintiff's case rested mainly upon this evidence, and the witness has retracted what he then swore to and shown himself wholly unworthy of belief, it became proper in the exercise of fair judicial discretion to grant a new trial.  This was without doubt the controlling reason for the action of the learned trial judge, and we think the orders should be affirmed, overruling the technical objections to the form in which the matter was presented to him.

Orders granting a new trial, affirmed, with one bill of costs.  Order denying motion to set aside orders granting new trial affirmed, with. $10 costs and disbursements.  All concur.